

# 16946

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV 2 6 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| SHANDA KOZAK, individually | § | |
| And as Personal Representative | § | |
| of the Heirs and Estate of | § | |
| WALTER SCIFRES, Deceased, | § | |
| and Keith Scifres | § | |
| | § | |
| V. | § | C. A. No. _____ |
| | § | |
| GUARD-LINE, INC. | § | **3-07 CV 1976 - D** |
| AND UOP LLC | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1332, Defendant UOP LLC ("UOP") respectfully files

this Notice of Removal from the 116th Judicial District Court of Dallas County, Texas, Cause

No. 07-12239-F, to the United States District Court for the Northern District of Texas, Dallas

Division. In support of this notice, UOP states as follows:

## COMMENCEMENT AND SERVICE

1.      On October 17, 2007, Shanda Kozak, individually and as the personal

representative of the heirs and estate of Walter Scifres, and Keith Scifres ("Plaintiffs") filed their

Original Petition (hereinafter referred to as the "Complaint") in the 116th Judicial District Court

of Dallas County, Texas, Cause No. 07-12239, styled *Shanda Kozak, et al. v. Guard-Line, Inc.*

*and UOP LLC (f/k/a Universal Oil Products)* (the "Lawsuit").   Plaintiff served UOP with

process through its registered agent CSC on October 25, 2007.   Shortly thereafter, UOP's

counsel obtained information indicating that the same plaintiffs had sued Defendant Guard-Line,

Inc. ("Guard-Line"), the only potential non-diverse party, for the very same claims arising from

the very same set of facts. This Notice of Removal is therefore filed within thirty days after service and removal of this action is timely. *See* 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

2.     Plaintiffs filed this suit seeking recovery for mesothelioma suffered by Walter Scifres that allegedly arose out of his exposure to asbestos and asbestos-containing products at the Sunray/Sun Oil Refinery ("Refinery") in Stephens County, Oklahoma at which Mr. Scifres was employed. Plaintiffs allege that UOP designed and provided the specifications for the Refinery and selected and obtained the equipment and materials used to operate it. Plaintiffs claim that UOP's designs and specifications called for the use of asbestos-containing products. Plaintiffs allege that UOP was negligent, was engaged in a conspiracy, and was grossly negligent and thus liable for Walter Scifres' mesothelioma and ultimate death. Plaintiffs Shanda Kozak and Keith Scifres filed this wrongful death and survival action individually and on behalf of the estate of Walter Scifres.

3.     According to Plaintiffs' First Amended Petition, Plaintiff Shanda Kozak is a resident of Allen, Texas. Therefore, based upon information and belief, as of the time of the filing of this Notice of Removal, Plaintiff Shanda Kozak is a citizen of Texas.

4.     According to Plaintiffs' First Amended Petition, Plaintiff Keith Scifres is a resident of Grand Prairie, Texas. Therefore, based upon information and belief, as of the time of the filing of this Notice of Removal, Plaintiff Keith Scifres is a citizen of Texas.

5.     UOP is a Delaware limited liability company with its principal place of business in Illinois. Therefore, as of the time of the filing of this Notice of Removal, UOP is a citizen of Delaware and Illinois.

6.    Guard-Line is a domestic business entity that is incorporated in Texas according to the Office of the Texas Secretary of State. Therefore, as of the time of the filing of this Notice of Removal, Guard-Line is a citizen of Texas.

7.    On the face of the Complaint it would appear that complete diversity does not exist. However, the very same Plaintiffs previously sued Guard-Line for the very same injuries to Walter Scifries which allegedly arose out of the very same set of facts. A true and correct copy of Plaintiffs' First Amended Petition from *Shanda Kozak vs. Browning-Ferris Indust., Inc., et al.*, Cause No. 2006-42138, filed in 160th Judicial District, Dallas County, Texas, which was transferred to the Texas Asbestos MDL, 11th Judicial District of Harris County, Texas, is attached as Exhibit B.

8.    Under Texas law, a plaintiff's claim is indivisible. *See Pustejovsky v. Rapid-American Corp.*, 35 S.W.3d 643, 653 (Tex. 2000). That indivisible claim has already been asserted against Guard-Line in the other previously filed lawsuit. *See* Exhibit B. Accordingly, Plaintiffs in this case have no viable claim against Guard-Line leaving only diverse parties. This is a civil action of which the district courts of the United States, therefore, have original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

9.    Therefore, as of the time of filing of this Notice of Removal, there is no reasonable basis for predicting that Texas law would allow recovery by Plaintiffs against Guard-Line in a second lawsuit for the same mesothelioma founded upon the same causes of action Plaintiffs are pursuing in a previous filed lawsuit against Guard-Line for mesothelioma. Guard-Line is thus fraudulently joined as a Defendant and its citizenship should not be considered for purposes of removal jurisdiction.

10.     Plaintiffs seek recovery of medical damages totaling at least $226,096.05 in the previously filed lawsuit for treatment of the same mesothelioma suffered by Walter Scifres and under the same set of facts.  A true and correct copy of excerpts from Plaintiffs' Answers to Master Discovery Requests to All Defendants in All Asbestos-Related Personal Injury and Death Cases Filed in Harris County and Responses to All Defendants' Rule 194 Requests for Disclosure from this lawsuit are attached as Exhibit A.  The Lawsuit is therefore properly removable to this Court because it involves a controversy between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and cost.

11.     This notice was filed within thirty days of when UOP was served.  This removal is timely.

12.     UOP has been served.  UOP has no knowledge as to whether Guard-Line has been served in connection with this lawsuit.[1]

## ATTACHMENTS

13.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, the following documents are being filed with this Notice of Removal:

> a.      an original and one copy of a completed civil cover sheet;
>
> b.      an original and one copy of a supplemental civil cover sheet;
>
> c.      an index of all documents that clearly identifies each document and indicates the date the document was filed in state court, including a copy of the docket sheet in the state court action, and all documents filed in the state court action, except discovery material, individually tabbed and arranged in chronological order according to the state court file date; and

---

[1] UOP acknowledges that consent to remove from all served Defendants must be obtained. *See Doe v. Kerwood,* 969 F.2d 165, 167 (5th Cir. 1992).  However a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined. *Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007).  UOP maintains that Guard-Line was fraudulently joined to defeat diversity.  Thus, Guard-Line's consent was not required.

4

      d.    a separate signed certificate of interested persons that complies with LR 3.1(f).

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendant removes this action from the 116th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and prays that this Court assume full jurisdiction of this action as if it had been originally filed in this Court, and that all further proceedings in the state court be stayed.

Dated: November 26, 2007.

Respectfully submitted,


Gary D. Lykins
State Bar No. 12715600
Bellinger & DeWolf, LLP
10,000 North Central Expressway
Suite 900
Dallas, TX 75231
Telephone: (214) 954-9540
Telefacsimile: (214) 954-9541
Electronic Mail: glykins@bd-law.com


David A. Oliver
State Bar No. 15257510
1000 Main Street, 36th Floor
Houston, Texas 77002-6336
Telephone: (713) 226-6646
Telefacsimile: (713) 228-1331
Electronic Mail: doliver@porterhedges.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2007, a true and correct copy of the foregoing document was served upon all counsel of record by certified mail, return receipt requested, sent to their last address as follows:

Kevin A. Noland
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204

David A. Oliver

7



CAUSE NO. 2006-42138

| | | |
|---|---|---|
| SHANDA KOZAK, Individually and as | § | IN THE DISTRICT COURT |
| Personal Representative of the Heirs and | § | |
| Estate of WALTER SCIFRES, Deceased, | § | |
| and KEITH SCIFRES, | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| BROWNING-FERRIS INDUSTRIES, | § | |
| INC., et al., | § | |
| | § | |
| *Defendants.* | § | 11th JUDICIAL DISTRICT |

(Transferred from 193rd District Court, Dallas County, Texas; Cause No. 06-05218)

### PLAINTIFFS' ANSWERS TO MASTER DISCOVERY REQUESTS TO ALL DEFENDANTS IN ALL ASBESTOS-RELATED PERSONAL INJURY AND DEATH CASES FILED IN HARRIS COUNTY AND RESPONSES TO ALL DEFENDANTS' RULE 194 REQUESTS FOR DISCLOSURE

TO: ALL DEFENDANTS, by and through their counsel of record.

COME NOW, **Shanda Kozak**, Individually and as Personal Representative of the Heirs and Estate of **Walter Scifres**, Deceased, **and Keith Scifres**, Plaintiffs herein and by and through their counsel of record, and file this their Answers to Master Discovery Requests and Responses to Rule 194 Requests for Disclosure propounded by all defendants and also in response and supplemental response to written discovery previously propounded by the defendants to plaintiffs and responses to any and all defendants' Rule 194 Requests for Disclosure pursuant to the Texas Rules of Civil Procedure.



Respectfully submitted,

**WATERS & KRAUS, LLP**

KEVIN A. NOLAND
State Bar No. 24056048
LESLIE MACLEAN
State Bar No. 00794209
PETER A. KRAUS
State Bar No. 11712980
3219 McKinney Avenue
Dallas, Texas 75204
Telephone: 214-357-6244
Facsimile: 214-357-7252

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Answers to Master Discovery Requests was sent via LexisNexis to all counsel of record on the _____ day of December, 2006.

KEVIN A. NOLAND

**RESPONSE:**

Please see Plaintiff's Responses to Requests for Disclosure Pursuant to Rule 194.2 and any supplements thereto, already submitted to Defendants. See also, Plaintiff's Original Petition and any supplements to that petition.

**REQUEST NO. 194.2(d):**

The amount and any method of calculating economic damages.

**RESPONSE:**

Medical damages will be presented by expert testimony as well as documentary evidence. Plaintiffs and/or Decedent incurred medical expenses totaling at least $226,096.05.

Plaintiffs are currently requesting Federal income tax records and will supplement with lost wages claims when available.

Please also see medical and billing record affidavits filed in this case.

Discovery is ongoing, and Plaintiffs reserve the right to supplement this response as discovery continues.

**REQUEST NO. 194.2(e):**

The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

Duncan Regional Hospital
P. O. Box 100
Duncan, Oklahoma 73534

Dr. Stan S. Shrago
Integris Baptist Medical Center
3300 Northwest Expressway
Oklahoma City, OK 73112

Dr. Parker
Address unknown, will supplement when available.

Plaintiffs do not know every person who may have "knowledge of facts relevant to this lawsuit," and therefore objects to this request on the grounds that it calls for speculation and is premature. Without waiving these objections, please refer to the co-workers, supervisors and other fact witnesses listed on Decedent's Work History Sheets which are attached hereto as Exhibit "1," Decedent's List of Physicians provided as Exhibit "2," Decedent's medical expert reports provided as Exhibit "3", Plaintiff's medical records provided as Exhibit "7", Plaintiffs' Answer to Interrogatory No. 7 and 26, and any Supplemental Answers to these Interrogatories.



12652187

Oct 17 2006
1:45PM

CAUSE NO. 2006-42138

| | | |
|---|---|---|
| **SHANDA KOZAK,** Individually and as Personal Representative of the Heirs and Estate of **WALTER SCIFRES,** Deceased, and **KEITH SCIFRES,** | § § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| **BROWNING-FERRIS INDUSTRIES, INC.** (sued individually and as successor-in-interest to SUNRAY DX OIL CORPORATION and SUN OIL COMPANY and as successor-in-interest to RESOURCE RECOVERY, INC.); | § § § § § § | |

**SHANDA KOZAK,** Individually and as Personal
Representative of the Heirs and Estate of **WALTER
SCIFRES,** Deceased, and **KEITH SCIFRES,**

    *Plaintiffs,*

vs.

**BROWNING-FERRIS INDUSTRIES, INC.** (sued
individually and as successor-in-interest to
SUNRAY DX OIL CORPORATION and SUN OIL
COMPANY and as successor-in-interest to
RESOURCE RECOVERY, INC.);
**CBS CORPORATION** f/k/a VIACOM, INC.
(successor by merger to CBS CORPORATION, f/k/a
WESTINGHOUSE ELECTRIC CORPORATION);
**CHICAGO PNEUMATIC TOOL CO.;**
**CONOCOPHILLIPS COMPANY** f/k/a PHILLIPS
PETROLEUM COMPANY (sued individually and as
successor by merger to CONOCO INC. and as
successor-in-interest to SUNRAY DX OIL
CORPORATION and SUN OIL COMPANY; and as
successor-in-interest to TOSCO CORPORATION);
**CRANE CO.;**
**FLOWSERVE CORPORATION** f/k/a THE
DURIRON COMPANY (sued individually
and as successor-in-interest to PACIFIC PUMPS);
**FOSTER WHEELER ENERGY CORPORATION;**
**GARLOCK, INC.;**
**GARLOCK SEALING TECHNOLOGIES** (sued
individually and as successor-in-interest to GARLOCK,
INC.);
**GENERAL ELECTRIC COMPANY;**
**GUARD-LINE, INC.;**
**IMO INDUSTRIES, INC.** (sued individually and as
successor-in-interest to DE LAVAL STEAM TURBINE
COMPANY);
**INGERSOLL-RAND COMPANY;**
**SUNOCO, INC.** (sued individually and as successor-in
interest to SUNRAY DX OIL CORPORATION and
SUN OIL COMPANY);
**SUNOCO, INC. (R&M)** (sued individually and as
successor-in-interest to SUNRAY DX OIL
CORPORATION and SUN OIL COMPANY); and
**UNIROYAL HOLDING, INC.** (sued individually
and as successor-in-interest to U.S. RUBBER
COMPANY),

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**B**

|  |  |  |
|---|---|---|
| *Defendants.* | § | 11th JUDICIAL DISTRICT |

**TRANSFERRED FROM**

CAUSE NO. 06-05218

|  |  |  |
|---|---|---|
| **SHANDA KOZAK,** Individually and as Personal Representative of the Heirs and Estate of **WALTER SCIFRES,** Deceased, and **KEITH SCIFRES,** | §<br>§<br>§ | IN THE DISTRICT COURT |
| *Plaintiffs,* | §<br>§<br>§<br>§ |  |
| vs. | §<br>§ | DALLAS COUNTY, TEXAS |
| **BROWNING-FERRIS INDUSTRIES, INC.** (sued individually and as successor-in-interest to SUNRAY DX OIL CORPORATION and SUN OIL COMPANY and as successor-in-interest to RESOURCE RECOVERY, INC.); **CBS CORPORATION** f/k/a VIACOM, INC. (successor by merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION); **CHICAGO PNEUMATIC TOOL CO.; CONOCOPHILLIPS COMPANY** f/k/a PHILLIPS PETROLEUM COMPANY (sued individually and as successor by merger to CONOCO INC. and as successor-in-interest to SUNRAY DX OIL CORPORATION and SUN OIL COMPANY; and as successor-in-interest to TOSCO CORPORATION); **CRANE CO.; FLOWSERVE CORPORATION** f/k/a THE DURIRON COMPANY (sued individually and as successor-in-interest to PACIFIC PUMPS); **FOSTER WHEELER ENERGY CORPORATION; GARLOCK, INC.; GARLOCK SEALING TECHNOLOGIES** (sued individually and as successor-in-interest to GARLOCK, INC.); **GENERAL ELECTRIC COMPANY; GUARD-LINE, INC.; IMO INDUSTRIES, INC.** (sued individually and as successor-in-interest to DE LAVAL STEAM TURBINE COMPANY); **INGERSOLL-RAND COMPANY; SUNOCO, INC.** (sued individually and as successor-in interest to SUNRAY DX OIL CORPORATION and SUN OIL COMPANY); **SUNOCO, INC. (R&M)** (sued individually and as successor-in-interest to SUNRAY DX OIL | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |  |

CORPORATION and SUN OIL COMPANY); and §
**UNIROYAL HOLDING, INC.** (sued individually §
and as successor-in-interest to U.S. RUBBER §
COMPANY), §
                                §
      *Defendants.*             §     160th JUDICIAL DISTRICT

## PLAINTIFFS' FIRST AMENDED PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

      COMES NOW, Plaintiff, SHANDA KOZAK, Individually and as Personal Representative of the Heirs and Estate of WALTER SCIFRES, Deceased, complaining of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

I.

      1.     Pursuant to T.R.C.P. 190.1, discovery will be conducted under Level 3 (T.R.C.P. 190.3). Certain Defendants named herein reside in this County, maintain offices in this County and/or have their principal place of business in this County; therefore, venue properly lies in this County. All or a substantial portion of the acts or omissions that form the basis for this lawsuit occurred in this County. Certain acts or omissions, which were a proximate or producing cause of Decedent's asbestos-related injuries, occurred in Texas.

      2.     The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

      3.     Plaintiff SHANDA KOZAK resides at 1002 Timbercreek Drive, Allen, Texas 75002 and Plaintiff KEITH SCIFRES resides at 1802 Maple Street, Grand Prairie, Texas 75050.

      4.     Defendant, **BROWNING-FERRIS INDUSTRIES, INC.**, is not registered to do business within Texas, and as a result, has not conducted business in this State, nor has maintained a registered agent for service of process. Therefore, said corporation may be served with process through its principal place of business at 15880 N. Greenway-Hayden Loop, Suite 100, Scottsdale, Arizona 85260, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant, **BROWNING-FERRIS INDUSTRIES, INC.**, may be served through the Secretary of State for the State of Texas. Said corporation is being sued individually and as successor-in-interest to **SUNRAY DX OIL CORPORATION and SUN OIL COMPANY and RESOURCE RECOVERY, INC.** This Defendant is being sued as a Premise Defendant.

      5.     Defendant, **CBS CORPORATION** f/k/a **VIACOM, INC.** (successor by merger to **CBS CORPORATION**, f/k/a **WESTINGHOUSE ELECTRIC CORPORATION**), has been served with

process through its registered agent, Corporation Service Company, 800 Brazos, Suite 750, Austin, Texas 78701. This Defendant is being sued as an Equipment Defendant.

6. Defendant, **CHICAGO PNEUMATIC TOOL CO.**, has been served with process through its registered agent, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002. This Defendant is being sued as an Equipment Defendant.

7. Defendant, **CONOCOPHILLIPS COMPANY f/k/a PHILLIPS PETROLEUM COMPANY**, is a Delaware corporation, and may be served through its registered agent, United States Corporation Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701. Defendant, **CONOCOPHILLIPS COMPANY,** is being sued individually and as successor by merger to **CONOCO, INC.** and as successor-in-interest to **SUNRAY DX OIL CORPORATION** and **SUN OIL COMPANY** and as successor-in-interest to **TOSCO CORPORATION.** This Defendant is being sued as a Premise Defendant.

8. Defendant, **CRANE CO.,** has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process, it has not designated such an agent. Said corporation has been served with process through its corporate headquarters, 100 1st Stamford Place, Stamford, Connecticut 06902, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Defendant, **CRANE CO.,** has been served through the Secretary of State for the State of Texas. This Defendant is being sued as an Equipment Defendant.

9. Defendant, **FLOWSERVE CORPORATION f/k/a THE DURIRON COMPANY,** has at all times relevant to this litigation conducted business in this State and is required to maintain a registered agent for service of process, it has not designated such an agency. Said corporation has been served with process through its corporate address, 5215 N. O'Connor Blvd, Suite 2300, Irving, Texas 75039. Said corporation is being sued individually and as successor-in-interest to **PACIFIC PUMPS.** This Defendant is being sued as an Equipment Defendant.

10. Defendant, **FOSTER WHEELER ENERGY CORPORATION,** has been served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas. This Defendant is being sued as a Boiler Defendant.

11. Defendant, **GARLOCK INC.,** has been served with process through its registered agent, CT Corporation System, 350 North St. Paul, Suite 2900, Dallas, Texas 75201. This Defendant is being sued as a Manufacturer Defendant.

12. Defendant, **GARLOCK SEALING TECHNOLOGIES, LLC,** has been served with process through its registered agent, CT Corporation System, 350 North St. Paul, Suite 2900, Dallas,

Texas 75201. Said corporation is being sued individually and as successor-in-interest to **GARLOCK INC.** This Defendant is being sued as a Manufacturer Defendant.

13.     Defendant, **GENERAL ELECTRIC COMPANY**, has been served with process through its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. This Defendant is being sued as an Equipment Defendant.

14.     Defendant, **GUARD-LINE, INC.**, has been served through its agent for service of process, H. Lee Stanley, 215 South Louise Street, Atlanta, Texas 75551. Said corporation is being sued individually and as the legal successor-in-interest to **TWENTIETH CENTURY GLOVE CORPORATION**. This Defendant is being sued as a Manufacturer Defendant.

15.     Defendant, **IMO INDUSTRIES, INC.**, has been served with process through its registered agent Corporation Service Company, 800 Brazos, Austin, Texas 78701. Said corporation is being sued individually and as successor-in-interest to **DE LAVAL STEAM TURBINE COMPANY.** This Defendant is being sued as an Equipment Defendant.

16.     Defendant, **INGERSOLL-RAND COMPANY**, has been served through its registered agent for service of process, CT Corporation System, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201. This Defendant is being sued as an Equipment Defendant.

17.     Defendant, **SUNOCO, INC.**, may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. Said corporation is being sued individually and as successor-in-interest to **SUNRAY DX OIL CORPORATION** and **SUN OIL COMPANY**. This Defendant is being sued as a Premise Defendant.

18.     Defendant, **SUNOCO, INC. (R&M)**, sued individually and as successor-in-interest to **SUNRAY DX OIL CORPORATION and SUN OIL COMPANY**, has been served through its registered agent for service of process, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. This Defendant is being sued as a Premise Defendant.

19.     Defendant, **UNIROYAL HOLDING, INC.**, has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered agent for service of process in this State, it has not designated such an agent. However, per agreement between Defendant **UNIROYAL HOLDING, INC.**, and Plaintiff's attorneys, this Defendant has been served directly via certified mail, return receipt requested at its corporate headquarters, 70 Great Hill Road, ATTN: Joanne Ciriello, Naugatuck, Connecticut 06770. Said corporation is being sued individually and as successor-in-interest to **U. S. RUBBER COMPANY**. This Defendant is being sued as a Manufacturer Defendant.

20.     This action is brought and these allegations are made pursuant to Tex. Civ. Prac. & Rem. Code § 71.031.

21.     Each and every allegation in this petition is expressly made in the alternative to, as well as in addition to, every other allegation.

## COUNT ONE
## ALLEGATIONS AGAINST MANUFACTURING AND EQUIPMENT DEFENDANTS

22.     Plaintiffs allege that Decedent was exposed to asbestos-containing products and machinery requiring or calling for the use of asbestos or asbestos-containing products in his occupation. Each Defendant corporation or its predecessor-in-interest, is, or at times material hereto, has been engaged in the mining, processing, manufacturing, sale and distribution of asbestos or asbestos-containing products or machinery requiring or calling for the use of asbestos. Plaintiffs would show that Decedent had been exposed, on numerous occasions, to asbestos-containing products and machinery requiring or calling for the use of asbestos or asbestos-containing products produced by Defendants and, in so doing, inhaled great quantities of asbestos fibers. Further, Plaintiffs allege, as more specifically set out below, that Decedent had suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.  In that each exposure to such products caused or contributed to Decedent's injuries and death, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

23.     Decedent was exposed to asbestos-containing products and machinery requiring or calling for the use of asbestos that were manufactured, designed and distributed by the Defendants or their predecessors-in-interest for use as construction materials or machinery in industrial operations.  Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and machinery were in this defective condition at the time they were designed by or left the hands of Defendants.  Plaintiffs would show that Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products.  Plaintiffs would show that this market defect rendered such products and machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Defendants.  Plaintiffs would show that Defendants are liable in product liability including, but not limited to, strict product liability for the above-described defects.

24.     The Defendants were engaged in the business of selling, manufacturing, producing, designing and putting into the stream of commerce asbestos-containing products and machinery requiring or calling for asbestos, and these asbestos-containing products and machinery, without substantial change in the condition in which they were sold were a proximate and producing cause of the injuries and death of Decedent.

25.     Defendants knew that these asbestos-containing products and machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation of the asbestos-containing products or operation, maintenance or repair of the machinery requiring or calling for the use of asbestos.

26.     Decedent was unaware of the hazards and defects in the asbestos-containing products of the Defendants, which made them unsafe for purposes of manipulation or installation.   Similarly, Decedent was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos-containing materials.

27.     During the periods that Decedent was exposed to the asbestos-containing products and machinery of the Defendants, these asbestos-containing products and machinery were being utilized in a manner, which was intended by Defendants.

28.     In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products or machinery requiring or calling for the use of asbestos, Plaintiffs would show the Court that the Defendants named herein represented a substantial share of the relevant market of asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products at all times material to the cause of action.   Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

29.     The illness and disabilities of Decedent were a direct and proximate result of the negligence of each Defendant or its predecessor-in-interest in that said entities produced, designed, sold and otherwise put into the stream of commerce, asbestos, asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Decedent's health and well-being.   Certain Defendants created hazardous and deadly conditions to which Decedent was exposed and which caused Decedent to be exposed to a large amount of asbestos fibers. The Defendants were negligent in the following respects, among others, which resulted in the proximate cause of Decedent's illness, disabilities and death:

(a)     in failing to timely and adequately warn Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos-containing products;

(b)     in failing to provide Decedent with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Decedent from being harmed and disabled by exposure to

asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos-containing products;

(c)  in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, or machinery requiring or calling for the use of asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products or machinery;

(d)  in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan or safe method of handling and installing asbestos or asbestos-containing products or utilizing the machinery requiring or calling for the use of asbestos-containing products;

(e)  in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products or machinery;

(f)  in failing to properly design and manufacture asbestos, asbestos-containing products, or machinery requiring or calling for safe use under conditions of use that were reasonably anticipated;

(g)  in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

(h)  in failing to recall or remove from the stream of commerce said asbestos-containing products or machinery despite knowledge of the unsafe and dangerous nature of such products or machinery.

30.  Plaintiffs disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

**COUNT TWO**
**ALLEGATIONS AGAINST PREMISES DEFENDANTS**

31.  Decedent, WALTER SCIFRES, worked at premises owned by **BROWNING-FERRIS INDUSTRIES, INC., CONOCOPHILLIPS, SUNOCO, INC., and SUNOCO, INC. (R&M)** ("Premises Defendants") at which he was exposed to asbestos products and dust from asbestos products.

32.  While present at premises owned by the Premises Defendants, Decedent, WALTER SCIFRES, was continuously exposed to asbestos or asbestos-containing dust without the provision of appropriate safeguards by the Premises Defendants who had the responsibility for such.

33.     Plaintiffs would further show that Decedent's injuries, diseases and death were the result of intentional acts, omissions, negligence and gross negligence in the use of asbestos at premises owned by the Premises Defendants.  The Premises Defendants failed to properly abate said asbestos at these facilities during the time Decedent was working there.

34.     Plaintiffs would show that the Defendants were negligent, grossly negligent, and committed certain intentional acts, all of which were the proximate cause of the disease and injuries resulting in mesothelioma from exposure to asbestos.

35.     In particular, Plaintiffs would show that the Premises Defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of the Decedent, and that such intentional acts and omissions proximately caused Decedent's disease and injuries.

36.     Specific intentional acts and acts constituting negligence and gross negligence committed by the Premises Defendants that proximately caused Decedent's injuries, disease and death include:

   (a) Failure to provide safe equipment for Decedent to use;

   (b) Failure to provide adequate safety measures and protection against deadly and life-threatening asbestos dust, all despite the Premises Defendants' knowledge of the extreme risk of harm inherent to asbestos exposure;

   (c) Failure to adequately warn Decedent of the inherent dangers of asbestos contamination;

   (d) Failure to maintain the ambient and environmental conditions of the premises in proper and safe condition;

   (e) Failure to follow and adhere to various states and U.S. Government statutes, regulations and guidelines pertaining to asbestos and the exposure to asbestos of individuals.  Such failure constituted negligence *per se* at a minimum.  Plaintiffs are not making claims for damages under federal law.

37.     Plaintiffs would further show that the Premises Defendants intentionally, knowingly, and negligently failed to ensure that individuals, such as Decedent, WALTER SCIFRES, were protected from the inhalation of asbestos or asbestos fibers.  Such actions rose to the level of gross negligence and proximately caused Decedent's injuries, illness and death.

38.     Additionally, specific actions or omissions on the part of the Premises Defendants that proximately caused Decedent's injuries, illness and death were:

   (a) Attempting to remove asbestos dust in Decedent's workplace without taking adequate precautions for the protection of workers in the vicinity and/or in the premises generally;

(b)     Failing to provide proper protective gear for individuals exposed to asbestos;

(c)     Failing to provide adequate ventilation to ensure that individuals in the vicinity were not exposed to asbestos;

(d)     Failing to provide a proper and safe method for the use of asbestos or asbestos fibers;

(e)     Failing to adhere to industry safe standards and other established measures to protect workers from harm;

(f)     Failing to adequately warn of the extreme risk of danger of inherent to asbestos exposure; and

(g)     The Premises Defendants demonstrated such an entire want of care as to establish that their acts and omissions alleged above were the result of actual conscious indifference to the rights, safety, and welfare of Decedent.

## COUNT THREE
## CONSPIRACY ALLEGATIONS AGAINST ALL DEFENDANTS

39.     All of the allegations contained in the previous paragraphs are re-alleged herein.

40.     Plaintiffs further allege that Defendants or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Decedent's injuries and death by exposing Decedent to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for asbestos-containing products.  Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Decedent of the opportunity of informed free choice as to whether to use said asbestos-containing products or machinery or to expose themselves to said dangers.  Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products.

41.     In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)     for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and machinery calling for the use of asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)     despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1)     withheld, concealed and suppressed said medical  and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Decedent who was using and being exposed to Defendants' asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products;

(2)     caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

(3)     distorted the results of medical examinations conducted upon Decedent and workers such as Decedent who were using asbestos-containing products or machinery requiring or calling for the use of asbestos or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Decedent and workers such as Decedent have suffered.

(c)     Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies were (hereinafter called the "conspirators"), were member companies in the Quebec Asbestos Mining Association and/or Asbestos Textile Institute and/or the Industrial Hygiene Foundation.  Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia*, that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d)     In addition, Defendants contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance

with such standards would not protect workers such as Decedent from contracting asbestos disease or cancer.

(e)     In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Decedent even if complied with.

(f)     As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Decedent to rely upon said false and fraudulent representations, omissions, and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, or machinery requiring or calling for the use of asbestos or and products which caused the release of respirable asbestos fibers.

42.     Decedent reasonably and in good faith relied upon the false and fraudulent representations, omissions, and concealments made by the Defendants regarding the nature of their asbestos-containing products and machinery requiring or calling for the use of asbestos or asbestos-containing products.

43.     As a direct and proximate result of Decedent's reliance on Defendants' false and fraudulent representations, omissions, and concealments, Decedent sustained damages including injuries, illnesses, disabilities and death and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos or asbestos-containing products.

## COUNT FOUR
## GROSS NEGLIGENCE ALLEGATIONS AGAINST ALL DEFENDANTS

44.     All of the allegations contained in the previous paragraphs are re-alleged herein.

45.     The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct and malice resulting in damages and injuries to the Decedent.  Defendants' conduct was specifically intended by Defendants to cause substantial injury to Decedent, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that the conduct would, in reasonable probability, result in human deaths or great bodily harm. More specifically, Defendants and their

predecessors-in-interest, consciously and deliberately engaged in oppression, fraud, willfulness, wantonness and malice with regard to the Decedent and should be held liable in punitive and exemplary damages to Plaintiffs.

### COUNT FIVE
### LOSS OF CONSORTIUM ALLEGATIONS AGAINST ALL DEFENDANTS

46.     Plaintiffs bring this cause of action against all Defendants for the loss of consortium in the relationship between their father, WALTER SCIFRES, and SHANDA KOZAK and KEITH SCIFRES. SHANDA KOZAK and KEITH SCIFRES have suffered damages, both past and future, as a result of the acts and omissions of the Defendants described herein. The physical injuries and death were a direct and proximate cause by the Defendants to WALTER SCIFRES, and, the injuries and death of WALTER SCIFRES have detrimentally impaired the loss of love, companionship, comfort, affection, solace, and moral support, that Plaintiffs once shared in their relationship with their father, causing SHANDA KOZAK and KEITH SCIFRES pain and suffering in the past and to which they will in all likelihood continue to suffer in the future.

### DAMAGES

47.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Decedent, and of the following general and special damages including:

(a)     Damages to punish Defendants for proximately causing Decedent's untimely death;

(b)     The conscious physical pain and suffering and mental anguish sustained by Plaintiffs and Decedent;

(c)     The physical impairment suffered by Decedent;

(d)     The disfigurement suffered by Decedent;

(e)     Reasonable and necessary medical expenses incurred by Decedent;

(f)     Decedent's lost earnings and net accumulations;

(g)     Reasonable funeral and burial expenses incurred by Decedent's estate;

(h)     Decedent's mental anguish caused by the extraordinarily increased likelihood of developing (or the recurrence and/or progression of) asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, sold or distributed by the named Defendants;

(i)     Past and future loss of the companionship and society, care, advice, counsel and consortium which Plaintiffs would have received from the Decedent prior to his illness and death caused by his exposure to asbestos;

> (j)   The past and future mental anguish suffered by Decedent's heirs as a consequence of observing the last illness and death of the Decedent;
>
> (k)   The past and future pecuniary loss and loss of inheritance suffered by Decedent's heirs as a consequence of the death of Decedent;
>
> (l)   Plaintiffs seek punitive and exemplary damages; and
>
> (m)   Any and all recoverable survival and wrongful death damages on behalf of all statutory beneficiaries of the Decedent.

48.   By their acts and omissions described herein, Defendants intentionally, knowingly and recklessly caused serious bodily injury to Decedent within the meaning of Tex.Civ.Prac.& Rem. Code §41.008(c)(7) and Tex. Penal Code §22.04.

49.   Plaintiffs filed suit within two (2) years of the date of discovering Decedent's asbestos-related conditions or the existence of any asbestos-related causes of action.

50.   Plaintiffs discovered Decedent's illness and its cause less then two years prior to the filing of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

**WATERS & KRAUS, LLP**

CHARLES E. VALLES
State Bar No. 00789696
C. ANDREW WATERS
State Bar No. 20911450
PETER A. KRAUS
State Bar No. 11712980

**WATERS & KRAUS, LLP**
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 Fax

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **Plaintiffs' First Amended Petition and Jury Demand** was sent via one of the methods checked below, to all counsel of record on the _____*14th*_____ day of October, 2006.

[ ]  regular mail
[X]  certified mail, return receipt requested
[ ]  federal express
[ ]  hand delivery
[ ]  facsimile
[x]  LexisNexis


_____
Charles E. Valles

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANDA KOZAK, individually | § | |
| And as Personal Representative | § | |
| of the Heirs and Estate of | § | |
| WALTER SCIFRES, Deceased, | § | |
| and Keith Scifres | § | |
| | § | |
| V. | § | C. A. No. _____ |
| | § | |
| GUARD-LINE, INC. | § | |
| AND UOP LLC | § | |

### INDEX OF DOCUMENTS FILED WITH NOTICE OF REMOVAL

| Tab | Description | Date |
|---|---|---|
| 1. | Plaintiffs' Original Petition and Jury Demand (certified copy) | 10/12/07 |
| 2. | [Plaintiffs'] Demand for Jury (certified copy) | 10/12/07 |
| 3. | Dallas County Civil District Court Cover Sheet (certified copy) | 10/12/07 |
| 4. | Plaintiffs' First Amended Petition and Jury Demand (with cover letter) (certified copy) | 10/17/07 |
| 5. | Dallas County District Clerk's Case Summary (Docket Sheet) (certified copy) | |
| 6. | Defendant UOP LLC's Motion to Transfer and Original Answer (certified copy unavailable from District Clerk's Office) | 11/16/07 |

CAUSE NO. 

| | | |
|---|---|---|
| SHANDA KOZAK, Individually and as Personal | § | IN THE DISTRICT COURT |
| Representative of the Heirs and Estate of **WALTER** | § | |
| **SCIFRES**, Deceased, and **KEITH SCIFRES**, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| **GUARD-LINE, INC.;** | § | |
| **UOP LLC** (f/k/a Universal Oil Products)., | § | |
| | § | **F-116th** |
| *Defendants*. | § | |
| | § | _____ JUDICIAL DISTRICT |




## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, SHANDA KOZAK, Individually and as Personal Representative of the Heirs and Estate of WALTER SCIFRES, Deceased, complaining of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

I.

1.      Pursuant to T.R.C.P. 190.1 Discovery will be conducted under Level 3 (T.R.C.P. 190.3). Certain Defendants named herein reside in this County, maintain offices in this County and/or have their principal place of business in this County; therefore, venue properly lies in this County. All or a substantial portion of the acts or omissions that form the basis for this lawsuit occurred in this County. Certain acts or omissions, which were a proximate or producing cause of Decedent's asbestos-related injuries, occurred in Texas.

2.      The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

3.      Plaintiff SHANDA KOZAK resides at 1002 Timbercreek Drive, Allen, Texas 75002 and Plaintiff KEITH SCIFRES resides at 1802 Maple Street, Grand Prairie, Texas 75050.

4.      Defendant, **GUARD-LINE, INC.**, may be served through its agent for service of process, H. Lee Stanley, 215 South Louise Street, Atlanta, Texas 75551. Said corporation is being sued individually and as the legal successor-in-interest to **TWENTIETH CENTURY GLOVE CORPORATION**. This Defendant is being sued as a Manufacturer Defendant.

5.      Defendant, **UOP LLC** (f/k/a Universal Oil Products)., has at all times relevant to this litigation conducted business in this State and while it is required to maintain a registered



**EXHIBIT**
1

agent for service of process in this State, it has not designated such an agent. However, per agreement between Defendant, **UOP LLC** (f/k/a Universal Oil Products) and Plaintiff's attorneys, this Defendant may be served directly via certified mail, return receipt requested at its corporate headquarters, Universal Oil Products Company, R/A: Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703. This Defendant is being sued as a Manufacturer Defendant.

6.      This action is brought and these allegations are made pursuant to Tex. Civ. Prac. & Rem. Code § 71.031.

7.      Each and every allegation in this petition is expressly made in the alternative to, as well as in addition to, every other allegation.

<u>COUNT ONE</u>
<u>ALLEGATIONS AGAINST MANUFACTURING AND EQUIPMENT DEFENDANTS</u>

8.      Plaintiffs allege that Decedent was exposed to asbestos-containing products and machinery requiring or calling for the use of asbestos or asbestos-containing products in his occupation. Each Defendant corporation or its predecessor-in-interest, is, or at times material hereto, has been engaged in the mining, processing, manufacturing, sale and distribution of asbestos or asbestos-containing products or machinery requiring or calling for the use of asbestos. Plaintiffs would show that Decedent had been exposed, on numerous occasions, to asbestos-containing products and machinery requiring or calling for the use of asbestos or asbestos-containing products produced by Defendants and, in so doing, inhaled great quantities of asbestos fibers. Further, Plaintiffs allege, as more specifically set out below, that Decedent had suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants. In that each exposure to such products caused or contributed to Decedent's injuries and death, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

9.      Decedent was exposed to asbestos-containing products and machinery requiring or calling for the use of asbestos that were manufactured, designed and distributed by the Defendants or their predecessors-in-interest for use as construction materials or machinery in industrial operations. Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and machinery were in this defective condition at the time they were designed by or left the hands of Defendants. Plaintiffs would show that Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products. Plaintiffs would show that this market defect rendered such products and machinery requiring

or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Defendants. Plaintiffs would show that Defendants are liable in product liability including, but not limited to, strict product liability for the above-described defects.

10.     The Defendants were engaged in the business of selling, manufacturing, producing, designing and putting into the stream of commerce asbestos-containing products and machinery requiring or calling for asbestos, and these asbestos-containing products and machinery, without substantial change in the condition in which they were sold were a proximate and producing cause of the injuries and death of Decedent.

11.     Defendants knew that these asbestos-containing products and machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation of the asbestos-containing products or operation, maintenance or repair of the machinery requiring or calling for the use of asbestos.

12.     Decedent was unaware of the hazards and defects in the asbestos-containing products of the Defendants, which made them unsafe for purposes of manipulation or installation. Similarly, Decedent was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos-containing materials.

13.     During the periods that Decedent was exposed to the asbestos-containing products and machinery of the Defendants, these asbestos-containing products and machinery were being utilized in a manner, which was intended by Defendants.

14.     In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products or machinery requiring or calling for the use of asbestos, Plaintiffs would show the Court that the Defendants named herein represented a substantial share of the relevant market of asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products at all times material to the cause of action. Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

15.     The illness and disabilities of Decedent were a direct and proximate result of the negligence of each Defendant or its predecessor-in-interest in that said entities produced, designed, sold and otherwise put into the stream of commerce, asbestos, asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Decedent's health and well-being. Certain Defendants created hazardous and deadly conditions to which Decedent was exposed and which caused Decedent to be exposed to a large amount of asbestos fibers. The Defendants

were negligent in the following respects, among others, which resulted in the proximate cause of Decedent's illness, disabilities and death:

(a)     in failing to timely and adequately warn Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos-containing products;

(b)     in failing to provide Decedent with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Decedent from being harmed and disabled by exposure to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, or machinery requiring or calling for the use of asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products or machinery;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan or safe method of handling and installing asbestos and/or asbestos-containing products or utilizing the machinery requiring or calling for the use of asbestos-containing products;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products or machinery;

(f)     in failing to properly design and manufacture asbestos, asbestos-containing products, or machinery requiring or calling for safe use under conditions of use that were reasonably anticipated;

(g)     in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

(h)     in failing to recall or remove from the stream of commerce said asbestos-containing products or machinery despite knowledge of the unsafe and dangerous nature of such products or machinery.

16.     Plaintiffs disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

## COUNT TWO
## ALLEGATIONS AGAINST DEFENDANT UOP

17.    All of the allegations contained in the previous paragraphs are re-alleged herein.

18.    At all times material hereto, Defendant, **UOP LLC** (f/k/a Universal Oil Products)., designed and provided the specifications for The Illuminating Company Power Plant at which Plaintiff was employed.  In that capacity, Defendant, **UOP LLC** (f/k/a Universal Oil Products)., acted as an engineering design service provider, acted as a general contractor during construction by handling the bid process, evaluating the bids and communicating with the bid winner, reviewed and approved Operation and Maintenance Manuals, evaluated the efficiency of the equipment and made recommendations for improving the operations of the powerhouse(s).

19.    As the plant's designer, Defendant, **UOP LLC** (f/k/a Universal Oil Products)., , was responsible for the selection of equipment and materials to be used to operate the plant.  This included decisions regarding the manufacturer of the equipment that was installed in the plant, the equipment's placement, and how the equipment would be insulated.   Further, Defendant, **UOP LLC** (f/k/a Universal Oil Products).,was responsible for ordering and installing the equipment and all appurtenances to that equipment.

20.    Defendant, **UOP LLC** (f/k/a Universal Oil Products).,, owed a duty of care to the men and women who worked in The Illuminating Company Power Plant it designed.  Plaintiff contends that Defendant, **UOP LLC** (f/k/a Universal Oil Products).,, was negligent in its performance of its duty in that it failed to protect workers such as Plaintiff from the hazards of asbestos that Defendant, **UOP LLC** (f/k/a Universal Oil Products)., specified and approved for use in The Illuminating Company Power Plant.  If Defendant, **UOP LLC** (f/k/a Universal Oil Products)., had exercised due care and used the knowledge of an expert that it is presumed to have had, it would have known that asbestos insulation, gaskets and packing were hazardous to the health of The Illuminating Company workers and should not have specified such material or required the placement of warnings concerning the health hazards of asbestos exposure on all asbestos-containing products, and on all machinery or equipment insulated with or containing such products.  The Plaintiff, and all similar plant workers, relied upon the expertise of Defendant, **UOP LLC** (f/k/a Universal Oil Products)., in designing The Illuminating Company Plant to be as safe and free of hazards as possible, and Defendant, **UOP LLC** (f/k/a Universal Oil Products).,, breached that duty by specifying asbestos containing products including insulation products despite knowledge of the hazards of asbestos, and by failing to require warnings.

21.    Further, Defendant, **UOP LLC** (f/k/a Universal Oil Products).,, was responsible for the actual procurement of the same equipment described above.  Defendant, **UOP LLC** (f/k/a

Universal Oil Products)., was responsible for assuring that the installation, operation and maintenance manuals for the equipment in question provided safe and effective techniques to avoid the hazards posed by working on the material and equipment in closed, confined spaces, and thus should have required the placement of warnings concerning the health hazards of asbestos exposure on all asbestos-containing products, and on all machinery or equipment insulated with or containing such products.

22.     As a direct and proximate result of the acts alleged against Defendant, **UOP LLC** (f/k/a Universal Oil Products)., Plaintiff was exposed to the asbestos and asbestos-containing products and machinery of Defendants named herein.  Said exposure directly and proximately resulted in the asbestos related disease and injuries from which Plaintiff suffers.

## COUNT THREE

## CONSPIRACY ALLEGATIONS AGAINST ALL DEFENDANTS

23.     All of the allegations contained in the previous paragraphs are re-alleged herein.

24.     Plaintiffs further allege that Defendants or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Decedent's injuries and death by exposing Decedent to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for asbestos-containing products.  Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Decedent of the opportunity of informed free choice as to whether to use said asbestos-containing products or machinery or to expose themselves to said dangers.  Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products.

25.     In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)     for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and machinery calling for the use of asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)     despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1)      withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Decedent who was using and being exposed to Defendants' asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products;

(2)      caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

(3)      distorted the results of medical examinations conducted upon Decedent and workers such as Decedent who were using asbestos-containing products or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Decedent and workers such as Decedent have suffered.

(c)      Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies were (hereinafter called the "conspirators"), were member companies in the Quebec Asbestos Mining Association and/or Asbestos Textile Institute and/or the Industrial Hygiene Foundation.   Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia,* that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d)      In addition, Defendants contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Decedent from contracting asbestos disease or cancer.

(e)      In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos

exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Decedent even if complied with.

(f)     As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Decedent to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, or machinery requiring or calling for the use of asbestos or and products which caused the release of respirable asbestos fibers.

26.     Decedent reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

27.     As a direct and proximate result of Decedent's reliance on Defendants' false and fraudulent representations, omissions and concealments, Decedent sustained damages including injuries, illnesses, disabilities and/or death and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

## COUNT FOUR
## GROSS NEGLIGENCE ALLEGATIONS AGAINST ALL DEFENDANTS

28.     All of the allegations contained in the previous paragraphs are re-alleged herein.

29.     The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct and malice resulting in damages and injuries to the Decedent.  Defendants' conduct was specifically intended by Defendants to cause substantial injury to Decedent, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that the conduct would, in reasonable probability, result in human deaths and/or great bodily harm. More specifically, Defendants and their predecessors-in-interest, consciously and deliberately engaged in oppression, fraud, willfulness, wantonness and malice with regard to the Decedent and should be held liable in punitive and exemplary damages to Plaintiffs.

## COUNT FIVE
## LOSS OF CONSORTIUM ALLEGATIONS AGAINST ALL DEFENDANTS

30.     Plaintiffs bring this cause of action against all Defendants for the loss of consortium in the relationship between their father, WALTER SCIFRES, and SHANDA KOZAK and KEITH SCIFRES. SHANDA KOZAK and KEITH SCIFRES have suffered damages, both past and future, as a result of the acts and omissions of the Defendants described herein. The physical injuries and death were a direct and proximate cause by the Defendants to WALTER SCIFRES, and, the injuries and death of WALTER SCIFRES have detrimentally impaired the loss of love, companionship, comfort, affection, solace, and moral support, that Plaintiffs once shared in their relationship with their father, causing SHANDA KOZAK and KEITH SCIFRES pain and suffering in the past and to which they will in all likelihood continue to suffer in the future.

## DAMAGES

31.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Decedent, and of the following general and special damages including:

    (a)     Damages to punish Defendants for proximately causing Decedent's untimely death;

    (b)     The conscious physical pain and suffering and mental anguish sustained by Plaintiffs and Decedent;

    (c)     The physical impairment suffered by Decedent;

    (d)     The disfigurement suffered by Decedent;

    (e)     Reasonable and necessary medical expenses incurred by Decedent;

    (f)     Decedent's lost earnings and net accumulations;

    (g)     Reasonable funeral and burial expenses incurred by Decedent's estate;

    (h)     Decedent's mental anguish caused by the extraordinarily increased likelihood of developing (or the recurrence and/or progression of) asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, sold or distributed by the named Defendants;

    (i)     Past and future loss of the companionship and society, care, advice, counsel and consortium which Plaintiffs would have received from the Decedent prior to his illness and death caused by his exposure to asbestos;

    (j)     The past and future mental anguish suffered by Decedent's heirs as a consequence of observing the last illness and death of the Decedent;

(k)     The past and future pecuniary loss and loss of inheritance suffered by Decedent's heirs as a consequence of the death of Decedent;

(l)     Plaintiffs seek punitive and exemplary damages; and

(m)    Any and all recoverable survival and wrongful death damages on behalf of all statutory beneficiaries of the Decedent.

32.     By their acts and omissions described herein, Defendants intentionally, knowingly and recklessly caused serious bodily injury to Decedent within the meaning of Tex.Civ.Prac.& Rem. Code §41.008(c)(7) and Tex. Penal Code §22.04.

33.     Plaintiffs filed suit within two (2) years of the date of discovering Decedent's asbestos-related conditions or the existence of any asbestos-related causes of action.

34.     Plaintiffs discovered Decedent's illness and its cause less then two years prior to the filing of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

**WATERS & KRAUS, LLP**

**NELDA TALAMANTES CACCIOTTI**
State Bar No. 24033252
C. ANDREW WATERS
State Bar No. 20911450
PETER A. KRAUS
State Bar No. 11712980

**WATERS & KRAUS, LLP**
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 Fax

**ATTORNEYS FOR PLAINTIFFS**

2

2



GARY FITZSIMMONS
DALLAS COUNTY DISTRICT CLERK

CAUSE NO.: 07-12239

Chandra Kozall-etal    *   **IN THE DISTRICT COURT**
**PLAINTIFF**    *

     *

*VS*      *

     *   F-116th **JUDICIAL DISTRICT**

Guardline, Inc. etal    *

**DEFENDANT**    *   **DALLAS COUNTY, TEXAS**


**ENTER DEMAND FOR JURY**

**JURY FEE PAID BY:**

     **PLAINTIFF** /    **DEFENDANT**

**FEE PAID: $30.00**

**RECORDED IN VOLUME** J24 **PAGE** 087

600 COMMERCE STREET * DALLAS, TEXAS 75202 * (214) 653-7149
FAX (214) 653-6634 * E-mail: gfitzsimmons@dallascounty.org
Web Site: www.dallascounty.org/

**EXHIBIT**
2



3

# DALLAS COUNTY CIVIL DISTRICT COURT COVER SHEET

STYLED _Scifres_____ v. _Guard-Line_____

This Civil Cover Sheet must be completed, filed and served with every petition. The information should be the best available at the time of filing, understanding that the information may change before trial. <u>This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.</u> Check (✔) all applicable boxes.

**Plaintiff(s)**
□ Pro Se _Shanda Kozak_____
Address _____
Telephone/Fax _____
E-mail _____

□ Attorney for Plaintiff(s)
State Bar No. _24011450_
Address _321 Hollymns Ave Dallas Tx 75204_
Telephone/Fax _214 357 6244_
E-mail _wscifres@watkinslawns.com_

**Defendant(s)** (list separately)
_Guard-Line_
_VOP LLC_
_____
_____
_____
_____
_____
_____

## PARTIES *MUST* CHECK ONE CASE TYPE AND MAY CHECK ONE SUB-TOPIC

□ Administrative Appeal
□ Bill of Review
□ Certiorari
□ Code Violations
□ Condemnation
□ Construction
□ Debt/Contract
□ Defamation
□ Other Commercial Dispute
  □ Antitrust/Unfair Comp
  □ Consumer/DTPA
  □ Franchise
  □ Fraud/Misrep
  □ Intellectual Property
  □ Non-Competes
  □ Partnership
  □ Securities/Stock
  □ Tortious Interference
  ○ Other Commercial
□ Discipline
□ Discovery
  □ Rule 202 Depositions
  □ Commissions
  □ Subpoena
  □ Letters Rogatory
  ○ Other Discovery
□ Employment
  □ Discrimination
  □ Retaliation

□ Termination
  ○ Other Employment
□ Foreclosure
  □ R 736
  □ Other than R 736
□ Foreign Judgment
□ Insurance
☑ Mass Tort/MDL/Rule 11
  ☑ Asbestos
  □ Baycol
  □ Breast Implant
  □ Firestone
  □ Phen-Fen
  □ Silica
  ○ Other Multi-Party
□ Motor Vehicle Accident
□ Other Personal Injury
  □ Assault/Battery
  □ Product
  □ Premises
  □ Other Personal Injury
□ Name Change
□ Post-Judgment
□ Professional Liability
  □ Accounting
  □ Legal
  □ Med/Mal
  □ Other Prof. Liab.
□ Property

□ Partition
□ Quiet Title
□ Trespass/Try Title
  ○ Other Property
□ Prejudgment Remedy
□ Seizure/Forfeiture
□ Tax
  □ Tax Appraisal
  □ Tax Delinquency
  □ Tax Land Bank
  □ Tax Personal
  □ Tax Real
□ Workers Comp
□ Other

**ADDITIONAL SUB-TOPICS**
□ Attachment
□ Bill of Discovery
□ Class Action
□ Declaratory Judgment
□ Garnishment
□ Interpleader
□ License
□ Mandamus
□ Receiver
□ Sequestration
□ Severance
□ TRO/Injunction
□ Turnover

---

### DISCOVERY LEVEL   □ Level 1   □ Level 2   ☑ Level 3

**Local Rule 1.08 Certification (Must be completed and signed)**
□ This case is not subject to transfer pursuant to Local Rule 1.07, OR
□ This case is related to another case filed or disposed of in Dallas County:
Court: _____ Style: _____

Case No. _____

_Attorney's Signature_

**EXHIBIT**

**3**

4

CAUSE NO. 07-12239-F

| | | |
|---|---|---|
| **SHANDA KOZAK,** Individually and as Personal | § | IN THE DISTRICT COURT |
| Representative of the Heirs and Estate of **WALTER** | § | |
| **SCIFRES,** Deceased, and **KEITH SCIFRES,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| **GUARD-LINE, INC.;** and | § | |
| **UOP LLC** (f/k/a Universal Oil Products); | § | |
| | § | |
| *Defendants.* | § | 116th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW, Plaintiff, SHANDA KOZAK, Individually and as Personal Representative of the Heirs and Estate of WALTER SCIFRES, Deceased, and KEITH SCIFRES, complaining of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

I.

1.     Pursuant to T.R.C.P. 190.1, discovery will be conducted under Level 3 (T.R.C.P. 190.3). Certain Defendants named herein reside in this County, maintain offices in this County and/or have their principal place of business in this County; therefore, venue properly lies in this County. All or a substantial portion of the acts or omissions that form the basis for this lawsuit occurred in this County. Certain acts or omissions, which were a proximate or producing cause of Decedent's asbestos-related injuries, occurred in Texas.

2.     The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

3.     Plaintiff SHANDA KOZAK resides at 1002 Timbercreek Drive, Allen, Texas 75002 and Plaintiff KEITH SCIFRES resides at 1802 Maple Street, Grand Prairie, Texas 75050.

4.     Defendant, **GUARD-LINE, INC.**, may be served through its agent for service of process, H. Lee Stanley, 215 South Louise Street, Atlanta, Texas 75551. This Defendant is being sued as a Manufacturer Defendant.

5.     Defendant, **UOP LLC** (f/k/a Universal Oil Products), has at all times relevant to this litigation conducted business in this State and may be served through its agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Inc., 701 Brazos Street, Suite 1050 Austin, TX 78701

---

PLAINTIFFS' FIRST AMENDED PETITION AND JURY DEMAND

**EXHIBIT**

**4**

Page 1

USA.  Said corporation is being sued individually and as the legal successor-in-interest to **UNIVERSAL OIL PRODUCTS**.  This Defendant is being sued as a Contractor Defendant.

6.      This action is brought and these allegations are made pursuant to Tex. Civ. Prac. & Rem. Code § 71.031.

7.      Each and every allegation in this petition is expressly made in the alternative to, as well as in addition to, every other allegation.

<u>COUNT ONE</u>
**<u>ALLEGATIONS AGAINST MANUFACTURER AND EQUIPMENT DEFENDANTS</u>**

8.      Plaintiffs allege that Decedent was exposed to asbestos-containing products and machinery requiring or calling for the use of asbestos or asbestos-containing products in his occupation. Each Defendant corporation or its predecessor-in-interest, is, or at times material hereto, has been engaged in the mining, processing, manufacturing, sale and distribution of asbestos or asbestos-containing products or machinery requiring or calling for the use of asbestos. Plaintiffs would show that Decedent had been exposed, on numerous occasions, to asbestos-containing products and machinery requiring or calling for the use of asbestos or asbestos-containing products produced by Defendants and, in so doing, inhaled great quantities of asbestos fibers.  Further, Plaintiffs allege, as more specifically set out below, that Decedent had suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.  In that each exposure to such products caused or contributed to Decedent's injuries and death, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

9.      Decedent was exposed to asbestos-containing products and machinery requiring or calling for the use of asbestos that were manufactured, designed and distributed by the Defendants or their predecessors-in-interest for use as construction materials or machinery in industrial operations.  Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and machinery were in this defective condition at the time they were designed by or left the hands of Defendants.  Plaintiffs would show that Defendants' asbestos-containing products and machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products.  Plaintiffs would show that this market defect rendered such products and machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Defendants.  Plaintiffs would show that Defendants are liable in product liability including, but not limited to, strict product liability for the above-described defects.

10.     The Defendants were engaged in the business of selling, manufacturing, producing, designing and putting into the stream of commerce asbestos-containing products and machinery requiring or calling for asbestos, and these asbestos-containing products and machinery, without substantial change in the condition in which they were sold were a proximate and producing cause of the injuries and death of Decedent.

11.     Defendants knew that these asbestos-containing products and machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation of the asbestos-containing products or operation, maintenance or repair of the machinery requiring or calling for the use of asbestos.

12.     Decedent was unaware of the hazards and defects in the asbestos-containing products of the Defendants, which made them unsafe for purposes of manipulation or installation.   Similarly, Decedent was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos-containing materials.

13.     During the periods that Decedent was exposed to the asbestos-containing products and machinery of the Defendants, these asbestos-containing products and machinery were being utilized in a manner, which was intended by Defendants.

14.     In the event that Plaintiffs are unable to identify each injurious exposure to asbestos-containing products or machinery requiring or calling for the use of asbestos, Plaintiffs would show the Court that the Defendants named herein represented a substantial share of the relevant market of asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products at all times material to the cause of action.  Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

15.     The illness and disabilities of Decedent were a direct and proximate result of the negligence of each Defendant or its predecessor-in-interest in that said entities produced, designed, sold and otherwise put into the stream of commerce, asbestos, asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Decedent's health and well-being.  Certain Defendants created hazardous and deadly conditions to which Decedent was exposed and which caused Decedent to be exposed to a large amount of asbestos fibers. The Defendants were negligent in the following respects, among others, which resulted in the proximate cause of Decedent's illness, disabilities and death:

(a)     in failing to timely and adequately warn Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos-containing products;

(b)     in failing to provide Decedent with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Decedent from being harmed and disabled by exposure to asbestos, asbestos-containing products, or machinery requiring or calling for the use of asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, or machinery requiring or calling for the use of asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products or machinery;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan or safe method of handling and installing asbestos and/or asbestos-containing products or utilizing the machinery requiring or calling for the use of asbestos-containing products;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products or machinery;

(f)     in failing to properly design and manufacture asbestos, asbestos-containing products, or machinery requiring or calling for safe use under conditions of use that were reasonably anticipated;

(g)     in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

(h)     in failing to recall or remove from the stream of commerce said asbestos-containing products or machinery despite knowledge of the unsafe and dangerous nature of such products or machinery.

16.     Plaintiffs disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave.  Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

## COUNT TWO
## ALLEGATIONS AGAINST DEFENDANT UOP

17.     All of the allegations contained in the previous paragraphs are re-alleged herein.

18.     At all times material hereto, Defendant, **UOP LLC** (f/k/a Universal Oil Products)., designed and provided the specifications for Sunray/Sun Oil refinery in Stephens County, Oklahoma at which Plaintiff was employed. In that capacity, Defendant, **UOP LLC** (f/k/a Universal Oil Products), acted as an engineering design service provider, acted as a general contractor during construction by handling the bid process, evaluating the bids and communicating with the bid winner, reviewed and approved Operation and Maintenance Manuals, evaluated the efficiency of the equipment and made recommendations for improving the operations of the powerhouse(s).

19.     As the refinery's designer, Defendant, **UOP LLC** (f/k/a Universal Oil Products), was responsible for the selection of equipment and materials to be used to operate the refinery. This included decisions regarding the manufacture of the equipment that was installed in the refinery, the equipment's placement, and how the equipment would be insulated. Further, Defendant, **UOP LLC** (f/k/a Universal Oil Products), was responsible for ordering and installing the equipment and all appurtenances to that equipment.

20.     Defendant, **UOP LLC** (f/k/a Universal Oil Products), owed a duty of care to the men and women who worked in the Sunray/Sun Oil refinery it designed. Plaintiff contends that Defendant, **UOP LLC** (f/k/a Universal Oil Products), was negligent in its performance of its duty in that it failed to protect workers such as Plaintiff from the hazards of asbestos that Defendant, **UOP LLC** (f/k/a Universal Oil Products), specified and approved for use in the Sunray/Sun Oil refinery. If Defendant, **UOP LLC** (f/k/a Universal Oil Products), had exercised due care and used the knowledge of an expert that it is presumed to have had, it would have known that asbestos insulation, gaskets and packing were hazardous to the health of the Sunray/Sun Oil refinery workers and should not have specified such material or required the placement of warnings concerning the health hazards of asbestos exposure on all asbestos-containing products, and on all machinery or equipment insulated with or containing such products. The Plaintiff, and all similar refinery workers, relied upon the expertise of Defendant, **UOP LLC** (f/k/a Universal Oil Products), in designing the Sunray/Sun Oil refinery to be as safe and free of hazards as possible, and Defendant, **UOP LLC** (f/k/a Universal Oil Products), breached that duty by specifying asbestos containing products including insulation products despite knowledge of the hazards of asbestos, and by failing to require warnings.

21.     Further, Defendant, **UOP LLC** (f/k/a Universal Oil Products), was responsible for the actual procurement of the same equipment described above. Defendant, **UOP LLC** (f/k/a Universal Oil Products), was responsible for assuring that the installation, operation and maintenance manuals for the equipment in question provided safe and effective techniques to avoid the hazards posed by working

on the material and equipment in closed, confined spaces, and thus should have required the placement of warnings concerning the health hazards of asbestos exposure on all asbestos-containing products, and on all machinery or equipment insulated with or containing such products.

22.    As a direct and proximate result of the acts alleged against Defendant, **UOP LLC** (f/k/a Universal Oil Products), Decedent was exposed to the asbestos and asbestos-containing products and machinery of Defendants named herein.  Said exposure directly and proximately resulted in the asbestos related disease and injuries from which Decedent suffered.

**COUNT THREE**
**CONSPIRACY ALLEGATIONS AGAINST ALL DEFENDANTS**

23.    All of the allegations contained in the previous paragraphs are re-alleged herein.

24.    Plaintiffs further allege that Defendants or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Decedent's injuries and death by exposing Decedent to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for asbestos-containing products.  Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Decedent of the opportunity of informed free choice as to whether to use said asbestos-containing products or machinery or to expose themselves to said dangers.  Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products.

25.    In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)    for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and machinery calling for the use of asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)    despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1)    withheld, concealed and suppressed said medical  and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Decedent who was using and being exposed

to Defendants' asbestos-containing products or machinery requiring or calling for the use of asbestos-containing products;

(2)    caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

(3)    distorted the results of medical examinations conducted upon Decedent and workers such as Decedent who were using asbestos-containing products or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Decedent and workers such as Decedent have suffered.

(c)    Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies were (hereinafter called the "conspirators"), were member companies in the Quebec Asbestos Mining Association and/or Asbestos Textile Institute and/or the Industrial Hygiene Foundation.  Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia,* that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d)    In addition, Defendants contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Decedent from contracting asbestos disease or cancer.

(e)    In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Decedent even if complied with.

(f)     As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Decedent to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, or machinery requiring or calling for the use of asbestos or and products which caused the release of respirable asbestos fibers.

26.     Decedent reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

27.     As a direct and proximate result of Decedent's reliance on Defendants' false and fraudulent representations, omissions and concealments, Decedent sustained damages including injuries, illnesses, disabilities and/or death and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

## COUNT FOUR
## GROSS NEGLIGENCE ALLEGATIONS AGAINST ALL DEFENDANTS

28.     All of the allegations contained in the previous paragraphs are re-alleged herein.

29.     The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct and malice resulting in damages and injuries to the Decedent. Defendants' conduct was specifically intended by Defendants to cause substantial injury to Decedent, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendants that the conduct would, in reasonable probability, result in human deaths and/or great bodily harm. More specifically, Defendants and their predecessors-in-interest, consciously and deliberately engaged in oppression, fraud, willfulness, wantonness and malice with regard to the Decedent and should be held liable in punitive and exemplary damages to Plaintiffs.

## COUNT FIVE
## LOSS OF CONSORTIUM ALLEGATIONS AGAINST ALL DEFENDANTS

30.     Plaintiffs bring this cause of action against all Defendants for the loss of consortium in the relationship between their father, WALTER SCIFRES, and SHANDA KOZAK and KEITH SCIFRES.  SHANDA KOZAK and KEITH SCIFRES have suffered damages, both past and future, as a

result of the acts and omissions of the Defendants described herein. The physical injuries and death were a direct and proximate cause by the Defendants to WALTER SCIFRES, and, the injuries and death of WALTER SCIFRES have detrimentally impaired the loss of love, companionship, comfort, affection, solace, and moral support, that Plaintiffs once shared in their relationship with their father, causing SHANDA KOZAK and KEITH SCIFRES pain and suffering in the past and to which they will in all likelihood continue to suffer in the future.

## DAMAGES

31.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Decedent, and of the following general and special damages including:

    (a)    Damages to punish Defendants for proximately causing Decedent's untimely death;

    (b)    The conscious physical pain and suffering and mental anguish sustained by Plaintiffs and Decedent;

    (c)    The physical impairment suffered by Decedent;

    (d)    The disfigurement suffered by Decedent;

    (e)    Reasonable and necessary medical expenses incurred by Decedent;

    (f)    Decedent's lost earnings and net accumulations;

    (g)    Reasonable funeral and burial expenses incurred by Decedent's estate;

    (h)    Decedent's mental anguish caused by the extraordinarily increased likelihood of developing (or the recurrence and/or progression of) asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, sold or distributed by the named Defendants;

    (i)    Past and future loss of the companionship and society, care, advice, counsel and consortium which Plaintiffs would have received from the Decedent prior to his illness and death caused by his exposure to asbestos;

    (j)    The past and future mental anguish suffered by Decedent's heirs as a consequence of observing the last illness and death of the Decedent;

    (k)    The past and future pecuniary loss and loss of inheritance suffered by Decedent's heirs as a consequence of the death of Decedent;

    (l)    Plaintiffs seek punitive and exemplary damages; and

    (m)    Any and all recoverable survival and wrongful death damages on behalf of all statutory beneficiaries of the Decedent.

32.     By their acts and omissions described herein, Defendants intentionally, knowingly and recklessly caused serious bodily injury to Decedent within the meaning of Tex.Civ.Prac.& Rem. Code §41.008(c)(7) and Tex. Penal Code §22.04.

33.     Plaintiffs filed suit within two (2) years of the date of discovering Decedent's asbestos-related conditions or the existence of any asbestos-related causes of action.

34.     Plaintiffs original petition was filed less than two years from Plaintiffs' discovery of Decedent's illness and its cause.

35.     Plaintiffs original petition was filed less than two years from the Decedent's date of death.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

### JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

WATERS & KRAUS, LLP

KEVIN A. NOLAND
State Bar No. 24056048
C. ANDREW WATERS
State Bar No. 20911450
PETER A. KRAUS
State Bar No. 11712980

3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 Fax

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **Plaintiffs' First Amended Petition and Jury Demand** was sent via one of the methods checked below, to all counsel of record on the 17TH day of October, 2007.

        [   ]      regular mail
        [ x ]      certified mail, return receipt requested
        [   ]      federal express
        [   ]      hand delivery
        [   ]      facsimile
        [   ]      LexisNexis

KEVIN A. NOLAND

**waterskraus**

October 17, 2007

PARTNERS

C. Andrew Waters (CA, DC, NC, TX)
Peter A. Kraus (TX, VA)
Charles S. Siegel (TX)
Troyce G. Wolf (KY, TX)
Michael L. Armitage (CA, LA)
B. Scott Kruka (TX)
Leslie C. MacLean (TX)
Charles E. Valles (TN, TX)
Paul C. Cook (CA)
Gary M. Paul (CA)
Sean P. Tracey (TX)

ASSOCIATES

Michelle Norton Whitman (TX)
Greg W. Lisemby (TX)
Kyla Gail Cole (TX)
Loren Jacobson (NY, TX)
Joy Sparling (IL)
Kevin M. Loew (CA)
Julie L. Celum (TX)
John S. Janofsky (CA, DC)
Michael B. Gurien (CA)
Dimitri N. Nichols (CA)
Marc I. Willick (CA)
Rhonda R. Bartlett (TX)
Ashley C. Fisher (MO)
Emily M. Stout (TX)
Kevin A. Noland (TX)
Paul B. Geilich (TX)
Benno Ashrafi (CA)
Mark Bratt (CA)
Scott C. Greenlee (TX)
Mark A. Lizarraga (CA)
Demetrios T. Zacharopoulos (MO)
Shawn P. Fox (TX)
Jason B. Fine (TX)
George H. Kim (CA)
Jacqueline G. Badders (MO)
Kenneth A. Lee (CA)

OF COUNSEL

Jonathan A. George (CA, TX, VA)
Mary H. Keyes (MO)
Scott L. Frost (GA, IL, KY, TX)
Kevin E. Oliver (TX)

**Via Courier**

Mr. Gary Fitzsimmons, District Clerk
Dallas County Courthouse
600 Commerce, 1st Floor
Dallas, TX 75202

      Re:    Cause No. 07-12239-F; *Shanda Kozak, Individually and as Personal Representative of the Heirs and Estate of Walter Scifres, Deceased, and Keith Scifres v. Guard-Line, Inc., et al;* In the 116th District Court of Dallas County, Texas

Dear Mr. Fitzsimmons:

      Enclosed you will find an original and four (4) copies of Plaintiffs' First Amended Petition and Jury Demand. In addition, I am enclosing our law firm's check in the amount of $16.00 as payment of the fees to issue two (2) citations as indicated below. Please filemark the extra copies and return to the courier.

    1.  Guard-Line, Inc.
    2.  UOP LLC

      Once the citations have been issued, please contact me at 214-357-6244, extension 2231. Please do not forward to the constable for service.

      Thank you for your cooperation and assistance.

            Sincerely,

            *Sarita Kidd Cooper*

            Sarita Kidd Cooper
            Intake Paralegal

Skc
Enclosures

**WATERS & KRAUS,** LLP ATTORNEYS AND COUNSELORS

**DALLAS:** 3219 McKINNEY AVENUE • DALLAS, TEXAS 75204  TEL 214 357 6244  FAX 214 357 7252
**HOUSTON:** LYRIC CENTER 440 LOUISIANA SUITE 1650  HOUSTON, TEXAS 77002  TEL 800 226 9880  FAX 214 357 7252
**WASHINGTON DC:**  315 NORTH CHARLES STREET  BALTIMORE, MARYLAND 21201  TEL 410 528 1153  FAX 410 528 1006
**LOS ANGELES:**  222 NORTH SEPULVEDA BOULEVARD  SUITE 1900  EL SEGUNDO, CALIFORNIA 90245  TEL 310 414 8146  FAX 310 414 8156

# CASE SUMMARY
## CASE NO. DC-07-12239

| | | |
|---|---|---|
| SHANDA KOZAK et al<br>vs.<br>GUARD-LINE INC et al | §<br>§<br>§<br>§ | Location: **116th District Court**<br>Judicial Officer: **PRIDDY, BRUCE**<br>Filed on: **10/12/2007** |

### CASE INFORMATION

Case Type: **MASS TORT/MDL/RULE 11**
Sub Type: **ASBESTOS**

Case Flags: **JURY DEMAND FILED**

### PARTY INFORMATION

| | | *Lead Attorneys* | |
|---|---|---|---|
| **PLAINTIFF** | **KOZAK, SHANDA** | **WATERS, C ANDREW**<br>*Retained* | 214-357-6244 |
| | **SCIFRES, KEITH** | | |
| **DEFENDANT** | **GUARD-LINE INC**<br>*SERVE AGENT H LEE STANLEY*<br>*215 SOUTH LOUISE STREET*<br>*ATLANTA, TX 75551* | | |
| | **UOP LLC**<br>*FKA UNIVERSAL OIL PRODUCTS*<br>*SERVE AGENT CORPORATION SERVICE COMPANY D*<br>*701 BRAZOS ST, SUITE 1050*<br>*AUSTIN, TX 78701* | | |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 10/12/2007 | ORIGINAL PETITION (OCA) | |
| 10/12/2007 | JURY DEMAND (OCA)<br>  Party: PLAINTIFF KOZAK, SHANDA | *Vol./Book J24,*<br>*Page87, 1 pages* |
| 10/16/2007 | MISCELLANOUS EVENT<br>  *Level III Case* | |
| 10/17/2007 | ISSUE CITATION | |
| 10/17/2007 | **CITATION**<br>  GUARD-LINE INC          issued<br>  UOP LLC                issued<br>  *1ST AMD-ATTY* | |
| 10/17/2007 | AMENDED PETITION<br>  Party: PLAINTIFF KOZAK, SHANDA; PLAINTIFF SCIFRES, KEITH<br>  *1ST* | |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **PLAINTIFF** KOZAK, SHANDA | |
| | Total Charges | 263.00 |
| | Total Payments and Credits | 263.00 |
| | **Balance Due as of 11/21/2007** | **0.00** |

**EXHIBIT**

**5**

PAGE 1 OF 2

*Printed on 11/21/2007 at 3:13 PM*

GARY FITZSIMMONS, DISTRICT CLERK

# CASE SUMMARY
## CASE NO. DC-07-12239





PORTER & HEDGES LLP

ATTORNEYS AT LAW

**Paul B. Kerlin**
Associate
(713) 226-6623 Phone
(713) 226-6223 Fax
pkerlin@porterhedges.com

Porter & Hedges, L.L.P.
RELIANT ENERGY PLAZA
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000 Phone
(713) 228-1331 Fax
porterhedges.com

November 16, 2007

010392/0002

*Via CM/RRR 7006 3450 0003 0658 2557*
Gary Fitzsimmons
Dallas County District Clerk
Dallas County Courthouse
600 Commerce Street, 1st Floor-Suite 103
Dallas, Texas 75202

Re:  Cause No. 07-12239-F; *Shanda Kozak, Individually and as Representative of the Estate of Walter Scifres, et al. vs. Guard-Line, LLC, et al.* v. Guard-Line LLC, et al; In the 116th Judicial District Court of Dallas County, Texas

Dear Mr. Fitzsimmons:

Enclosed for filing in the above-referenced matter, please find the original and one copy of the following:

**DEFENDANT UOP, LLC'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER**

After filing in your usual manner, please return a copy of the enclosed documents, with your filemark thereon, in the self-addressed, stamped envelope provided.

Sincerely,

Paul B. Kerlin

PBK/jjd

cc:  Kevin A. Noland          *Via CM/RRR 7006 3450 0003 0658 2564*
     Waters & Kraus, L.L.P.
     3219 McKinney Avenue, Suite 3000
     Dallas, Texas 75204

1214116v1

**EXHIBIT**

6

CAUSE NO. 07-12239-F

| | | |
|---|---|---|
| SHANDA KOZAK, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE HEIRS AND ESTATE OF WALTER SCIFRES, DECEASED, AND KEITH SCIFRES, | § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | DALLAS COUNTY, TEXAS |
| GUARD-LINE, INC.; AND UOP LLC (F/K/A UNIVERSAL OIL PRODUCTS); | § § § | |
| Defendants. | § § | 116TH JUDICIAL DISTRICT |

### DEFENDANT UOP LLC'S
### MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant UOP LLC ("UOP") files its Motion to Transfer Venue and Original Answer subject thereto in response to Plaintiffs' First Amended Petition, and would show the following:

### MOTION TO TRANSFER VENUE

UOP objects to venue in Dallas County on the grounds that this county is not a proper county for venue under Chapter 15 of the Texas Civil Practices and Remedies Code. UOP specifically denies that Dallas County is where the acts and injuries complained of by Plaintiffs occurred. Furthermore, UOP specifically denies that Dallas County is where any Defendant maintains a principal office in this state as defined by TEX. CIV. PRAC. & REM CODE § 15.001(a).

UOP requests that this action be transferred to a district court of Harris County, Texas, where venue is proper. Venue is proper in Harris County, Texas because Harris County is where UOP maintains a "principal office" in this state as defined by TEX. CIV. PRAC. & REM CODE § 15.001(a).

## ORIGINAL ANSWER SUBJECT TO MOTION TO TRANSFER VENUE

Subject to, and without waiver of the foregoing Motion to Transfer Venue, UOP generally denies each and every, all and singular, the material allegations of Plaintiffs' First Amended Petition and demands strict proof thereof, as provided by Rule 92 of the Texas Rules of Civil Procedure.

**FOR THESE REASONS**, UOP LLC ("UOP") respectfully requests that the Court sustain its objections to venue in Dallas County, and transfer this action to Harris County, Texas. Furthermore, subject to and without waiver of its foregoing Motion to Transfer Venue, UOP prays that Plaintiffs take nothing by way of this lawsuit, that UOP recover its costs, and that the Court grant UOP such other and further relief, general and special, legal and equitable, to which UOP may show itself justly entitled.

Respectfully submitted,

PORTER & HEDGES, L.L.P.

By: _David Oliver /PBK_
*by permission*

David A. Oliver
Bar No. 15257510
Paul B. Kerlin
Bar No. 24044480
1000 Main Street, 36th Floor
Houston, Texas 77002-6336
Telephone: (713) 226-0600
Facsimile: (713) 228-1331
pkerlin@porterhedges.com

ATTORNEYS FOR DEFENDANT
UOP LLC

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via certified mail, return receipt requested, upon Counsel for Plaintiffs on this the 16th day of November, 2007.   In accordance with local practice, all other counsel of record are being notified of this filing.


*Paul Kerlin*

Paul B. Kerlin

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SHANDA KOZAK, Individually & Personal Representative of Heirs & Estate of WALTER SCIFRES, Deceased, & KEITH SCIFRES

### DEFENDANTS

GUARD-LINE, INC. and UOP LLC (f/k/a Universal Oil Products)

3-07CV1976-D

**(b)** County of Residence of First Listed Plaintiff          Collin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

2 6 2007

Kevin A. Noland, Waters & Kraus, 3219 McKinney Avenue
Suite 3000, Dallas, Texas 75204

Attorneys (If Known)

David A. Oliver, Porter & Hedges, LLP, 1000 Main, 36th Floor, Houston, TX 77002

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Statute: 28 U.S.C. 1332   Description: Diversity

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED

(See instructions):   JUDGE                   DOCKET NUMBER

DATE
11/26/07

SIGNATURE OF ATTORNEY OF RECORD
David A. Oliver

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**United States District Court**
**Northern District of Texas**

Nov 2 6 2007

## Supplemental Civil Cover Sheet For Cases Removed
## From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.**
**District Clerk's Office.  Additional sheets may be used as necessary.**

1.  **State Court Information:**

    **3-07 CV 1976-D**

    Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

    | **Court** | **Case Number** |
    |---|---|
    | 116th District Court of Dallas County, TX | 07-12239-F |

2.  **Style of the Case:**

    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

    | **Party and Party Type** | **Attorney(s)** |
    |---|---|
    | Plaintiffs, Shanda Kozak, Individually and as Personal Representative of the Heirs and Estate of Walter Scifres, Deceased, and Keith Scifres | Kevin A. Noland<br>Waters & Kraus<br>3219 McKinney Avenue<br>Suite 3000<br>Dallas, TX 75204 |
    | Defendant, Guard-Line, Inc. | Unknown |
    | Defendant, UOP LLC | David A. Oliver<br>Porter & Hedges, L.L.P.<br>1000 Main, 36th Floor<br>Houston, TX 77002<br><br>Gary D. Lykins<br>Bellinger & DeWolf, LLP<br>10,000 N. Central Expressway<br>Suite 900<br>Dallas, TX 75231 |

3.  **Jury Demand:**

    Was a Jury Demand made in State Court?  ✳ Yes☐ No

    If "*Yes*," by which party and on what date?

    Plaintiff                                                          10/12/07
    Party                                                              Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.    **Answer:**

Was an Answer made in State Court?          ✳ Yes☐  No

If "*Yes*," by which party and on what date?

_Defendant, UOP LLC_____          _11/16/07_____
Party                                                                            Date

5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| **Party** | **Reason(s) for No Service** |
|-----------|------------------------------|
| Guard-Line, Inc. | (status of service unknown) |

6.    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

| **Party** | **Reason** |
|-----------|------------|
| N/A | |

7.    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| **Party** | **Claim(s)** |
|-----------|--------------|

Plaintiffs filed suit for alleged personal injuries to Walter Scifres that occurred from his alleged exposure to asbestos and asbestos-containing products at the Sunray/Sun Oil Refinery in Stephens County, Oklahoma at which Mr. Scifres was employed. Plaintiffs allege that UOP designed and provided the specifications for Sunray as well as selecting the equipment and materials used to operate it. Plaintiffs claim that UOP's designs and specifications called for the use of asbestos-containing products. Plaintiffs claim that Guard-Line engaged in the mining, processing, manufacturing, sale and distribution of asbestos or asbestos-containing products or machinery requiring or calling for the use of asbestos. As a result, Plaintiffs allege that UOP and Guard-Line were negligent, were engaged in a conspiracy, and were grossly negligent and thus liable for Walter Scifres' malignant asbestos-related illness. Plaintiffs Shanda Kozak and Keith Scifres filed this wrongful death and survival action individually and on behalf of the estate of Walter Scifres.